Slip Op. 20-30

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JIANGSU ZHONGJI LAMINATION MATERIALS CO., (HK) LTD., JIANGSU ZHONGJI LAMINATION MATERIALS CO., LTD., JIANGSU ZHONGJI LAMINATION MATERIALS STOCK CO., LTD. AND JIANGSU HUAFENG ALUMINIUM INDUSTRY CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> ALUMINIUM ASSOCIATION TRADE ENFORCEMENT WORKING GROUP AND ITS INDIVIDUAL MEMBERS, <br><br> Defendant-Intervenors. | Before: Gary S. Katzmann, Judge <br> Court No. 18-00091 |

### <u>OPINION</u>

[The court sustains Commerce's Remand Results.]

Dated: March 9, 2020

<u>Jeffrey S. Grimson</u>, <u>Jill A. Cramer</u>, <u>Sarah M. Wyss</u>, and <u>James C. Beaty</u>, Mowry & Grimson, PLLC, of Washington, DC, for plaintiffs.

<u>Aimee Lee</u>, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, for defendant. With her on the brief were <u>Joseph H. Hunt</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Tara K. Hogan</u>, Assistant Director. Of counsel on the brief was <u>Vania Wang</u>, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

<u>John H. Herrmann</u> and <u>Joshua R. Morey</u>, Kelley Drye & Warren, LLP, of Washington, DC, for defendant-intervenors.

Katzmann, Judge:  The court returns to a case in which aluminum foil exporters -- Jiangsu Zhongji Lamination Materials Co. (HK) Ltd., Jiangsu Zhongi Lamination Materials Co., Ltd., Jiangsu Zhongji Lamination Materials Stock Co., Ltd., and Jiangsu Huafeng Aluminum Industry Co., Ltd., (collectively, "Plaintiffs") -- brought an action against the United States ("the Government") to challenge the Department of Commerce's ("Commerce") selection of surrogate values for exports in a nonmarket economy in an antidumping duty investigation on aluminum foil from the People's Republic of China ("PRC").  Jiangsu Zhongji Lamination Materials Co., (HK) v. United States, 43 CIT __, 396 F. Supp. 3d 1334 (2019).  The court found unpersuasive Plaintiffs' challenges to Commerce's determination on several grounds but granted Commerce's request for a remand to recalculate the irrevocable value-added tax ("VAT")[1] adjustment using a different sale price.  Id. at 1357.  Before the court now is Commerce's Final Results of Redetermination Pursuant to Court Remand (Dep't Commerce Nov. 13, 2019), ECF No. 69 ("Remand Results").  The Government, as well as the Aluminum Association Trade Enforcement Working Group and its individual members ("Defendant-Intervenors"), ask the court to sustain the Remand Results.  Def.'s Resp. to Comments on Remand Results at 3, Dec. 23, 2019, ECF No. 74 ("Def.'s Resp."); Def.-Inters.' Letter in Lieu of Responsive Comments Addressing Pls.' Comments on Def.'s Final Results of Redetermination at 2, Dec. 20, 2019, ECF No. 72 ("Def-Inter.'s Br.").  Plaintiffs request that the court narrowly sustain the resulting VAT recalculation but argue that other statements by Commerce in the Remand Results went beyond the scope of the court's order in Jiangsu Zhongji, 396 F. Supp. 3d at 1337.  Pls.' Comments on the Dep't of Commerce Final Results of

---

[1] A VAT is "a consumption tax placed on a product whenever value is added at each stage of the supply chain, from production to the point of sale. The amount of VAT that the user pays is on the cost of the product, less any of the costs of materials used in the product that have already been taxed."  Value-Added Tax, Investopedia (March 3, 2020, 10:58 AM), https://www.investopedia.com/terms/v/valueaddedtax.asp.

Redetermination Pursuant to Ct. Remand at 3, Dec. 13, 2019, ECF No. 71 ("Pls.' Br."). The court sustains Commerce's <u>Remand Results</u>.

## BACKGROUND

The relevant legal and factual background of the proceedings involving Plaintiffs has been set forth in greater detail in <u>Jiangsu Zhongji</u>, 396 F. Supp. 3d at 1340–46. Information pertinent to the <u>Remand Results</u> now before the court is set forth below.

In March 2017, Defendant-Intervenors submitted to Commerce an antidumping petition concerning imports of certain aluminum foil from the PRC. Letter on Behalf of Petitioners to the Dep't re: Petitioners for the Imposition of Antidumping and Countervailing Duties (Mar. 9, 2017), P.R. 1–11. Commerce commenced an antidumping investigation, <u>Certain Aluminum Foil from the People's Republic of China: Initiation of Less-Than-Fair-Value Investigation</u>, 82 Fed. Reg. 15,691 (Dep't Commerce Mar. 30), P.R. 35, and selected Plaintiffs as a mandatory respondent, Mem. Re: Resp't Selection (May 22, 2017), P.R. 177.

Commerce issued its final determination on March 5, 2018, in which it (1) used South Africa as the primary surrogate country; (2) valued ocean freight using data from Descartes; (3) used Harmonized Tariff Schedule ("HTS") subheading 7602.00 for aluminum waste and scrap instead of subheading 7601.20 for unwrought aluminum; (4) based the VAT adjustment on the reseller's price, rather than the price from the producer to the reseller; and (5) rejected Plaintiffs' claims that deferral beyond the deadline voided the preliminary determination. See <u>Certain Aluminum Foil from the People's Republic of China: Final Determination of Sales at Less Than Fair Value</u>, 83 Fed. Reg. 9,282 (Dep't Commerce Mar. 5, 2018), P.R. 454 ("<u>Final Determination</u>"), and accompanying issues and decision memorandum at 7–8 (Dep't Commerce Feb. 26, 2018), P.R. 451 ("IDM").

Plaintiffs filed a complaint to challenge the <u>Final Determination</u> on May 7, 2018.  ECF No. 8.  They argued that Commerce had (1) selected the wrong primary surrogate country; (2) used inferior data to value international freight; (3) used the incorrect HTS classification; (4) calculated the VAT adjustment based on the wrong transaction; and (5) deferred its preliminary determination beyond the statutory deadline.  <u>Id.</u> at 8–10.  After briefing by the parties, the court held oral argument on July 16, 2019.   ECF No. 61.   As noted, the court sustained Commerce's determinations for all but its VAT calculation, which the court remanded on Commerce's request. <u>Jiangsu Zhongji</u>, 396 F. Supp. 3d at 1357.  Commerce released the draft of its remand results, in which it recalculated the VAT adjustment, on October 15, 2019.  <u>Remand Results</u> at 3.  Plaintiffs provided comments on the draft remand results on October 22, 2019.  <u>Id.</u>  The Government then filed Commerce's <u>Remand Results</u> on November 13, 2019 and the administrative record on November 20, 2019.  ECF Nos. 69–70.  Plaintiffs filed comments on the <u>Remand Results</u> on December 13, 2019.  Pls.' Br.  Defendant-Intervenors filed a letter with the court in lieu of comments on December 20, 2019.  Def-Inters.' Br.   The Government filed its response to Plaintiffs' comments on December 23, 2019.  Def.'s Resp.

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(i).  The standard of review in antidumping duty proceedings is set forth in 19 U.S.C. § 1516a(b)(1)(B)(i): "[t]he Court shall hold unlawful any determination, finding, or conclusion" of Commerce that is "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  "The results of a redetermination pursuant to court remand are also reviewed 'for compliance with the court's remand order.'" <u>Xinjiamei Furniture (Zhangzhou) Co.</u>

v. United States, 38 CIT __, __, 968 F. Supp. 2d 1255, 1259 (2014) (quoting Nakornthai Strip Mill

Public Co. v. United States, 32 CIT 1272, 1274, 587 F. Supp. 2d 1303, 1306 (2008)).

## DISCUSSION

Commerce's Remand Results are consistent with the court's remand order and previous

opinion.  See Jiangsu Zhongji, 396 F. Supp. 3d 1334.  In the Final Determination, Commerce based

its VAT calculation on the U.S. price of Zhongji's merchandise on resale by its affiliate, Zhongji

HK.  The Government acknowledged that this methodology was inconsistent with its ultimate

methodology deployed in Fine Furniture (Shanghai) Ltd. v. United States, 42 CIT __, __, 321 F.

Supp. 3d 1282, 1288 (2018), where it was determined on remand that the tax neutrality of the

dumping margin calculation required that Commerce base the VAT calculation on the sale by the

producer to the affiliated reseller.  Def.'s Resp. to Mot. for J. Upon the Agency R. at 39–40, Feb.

25, 2019, ECF Nos. 33–34.  Accordingly, here, the court granted the Government's request for a

remand.  Jiangsu Zhongji, 396 F. Supp. 3d at 1357.  See SFK USA, Inc. v. United States, 254 F.3d

1022, 1029 (Fed. Cir. 2001) (where the agency requests a remand, "the reviewing court has

discretion over whether to remand").

On remand, Commerce instead based its VAT calculation on the price at which Zhongji

sold the merchandise to its affiliated reseller, Zhongji HK, consistent with its methodology in Fine

Furniture.  Remand Results at 5.  The VAT calculation is based on the sale price between the

affiliated entities because there is no VAT markup between Zhongji and Zhongki HK.  Id. at 8.

As Commerce explained, therefore, this "means the Chinese government bases its final assessment

of Zhongji's VAT on its selling price to Zhongji HK."  Id.  Using the correct sales price as the

basis for the VAT adjustment, Commerce decreased Plaintiffs' dumping margin for the period of

investigation from 48.64 percent to 48.30 percent.  Remand Results at 10.  Plaintiffs and

Defendant-Intervenors agree that Commerce made the appropriate adjustment.  Pls.' Br. at 1

("Defendant has complied with the [c]ourt's order with respect to the recalculation and made the

appropriate adjustment."); Def.-Inters.' Br. at 2 ("Defendant-Intervenors agree that Defendant's

Remand Results effectuate this [c]ourt's remand instructions.").  The court is likewise persuaded

that, in accordance with this court's order and opinion, Commerce "recalculate[d] [Plaintiffs']

VAT adjustment using the correct sale price," and correctly adjusted the dumping margin.  Jiangsu

Zhongji, 396 F. Supp. 3d at 1346.

Although Plaintiffs agree with Commerce's recalculation, they take issue with

Commerce's statement in the Remand Results that:

> This cost, therefore, functions as an "export tax, duty, or other charge," because the
> firm does not incur it but for exportation of the subject merchandise, and under
> Chinese law must be recorded as a cost of exported goods.  It is for this "export tax,
> duty, or other charge" that Commerce makes a downward adjustment to U.S. price
> under section 772(c) of the [Tariff] Act [of 1930].

Pls.' Br. at 2 (quoting Remand Results at 7).  According to Plaintiffs, "this [c]ourt did not reach

the merits of the statutory authority for Commerce to make a VAT adjustment and it was not part

of the [c]ourt's remand."  Id. at 2.  Plaintiffs note that the court did not reach the lawfulness of the

irrevocable VAT adjustment in its order and opinion because it concluded that Plaintiffs had not

exhausted available remedies.  Id. at 2–3 (citing Jiangsu Zhongji, 396 F. Supp. 3d at 1354, n.7).

The Government counters that, in the above passage, "Commerce described the

foundational basis of Commerce's current and most up-to-date VAT practice, consistent with the

remand order" because Commerce "found it appropriate to explain how the recalculation and [Fine

Furniture, 321 F. Supp. 3d 1282,] fits within Commerce's current VAT practice."  Def.'s Resp. at

5.

The issue of whether Commerce has accurately interpreted the statute and whether the irrecoverable VAT adjustment is itself unlawful is not before the court. The court made clear in its order and opinion that Plaintiffs had not properly raised their challenge to the lawfulness of the VAT adjustment in the administrative proceedings below. Jiangsu Zhongji, 396 F. Supp. 3d at 1354, n.2. [2] Nor have Plaintiffs properly raised a challenge to the legality of the VAT adjustment in the remand proceedings. The exhaustion doctrine, applied previously by the court in its opinion and order, extends to remand proceedings. Mittal Steel Point Lisas Ltd. v. United States, 548 F.3d 1375 (Fed. Cir. 2008) (applying the exhaustion doctrine to remand proceedings). "The prescribed avenue for challenging remand results requires that a party first file comments on the draft results at the administrative level, setting forth the party's objections." Taian Ziyang Food Co. v. United States, 37 CIT __, __, 918 F. Supp. 2d 1345, 1361 (2013) (citing Mittal Steel, 548 F.3d at 1383–84). See also ArcelorMittal USA LLC v. United States, 43 CIT __, __, 399 F. Supp. 3d 1271, 1282–83 (2019). While Plaintiffs noted the possibility of future objections in the comments on the draft remand results, they failed to set forth arguments with any specificity such that Commerce could alter the language of the draft remand results prior to issuing the final Remand Results. [3]

The court interprets Commerce's statement merely as an explanation of its position on its current practice, in line with that of Fine Furniture. The court remains no better situated now than

---

[2] The court concluded that Plaintiffs had "failed to exhaust [] available remedies with respect to the validity of the VAT deduction, [and] the court is poorly situated to address arguments that Commerce did not consider and that the parties discussed in only cursory fashion in their briefs and at oral argument." Jiangsu Zhongji, 396 F. Supp. 3d at 1354, n.7.

[3] In its comments on the draft remand results, Plaintiffs stated that "Commerce has complied with the [c]ourt's directive and has relied on the price field that is consistent with Commerce's stated methodology," but in a footnote asserted that they "reserve[] the right for further argument related to the lawfulness of the irrecoverable VAT deduction in any subsequent proceedings that may occur." Comments of Jiangsu Zhongji Lamination Materials Co., (HK) Ltd. et al. on Draft Remand Results of Redetermination Pursuant to Ct. Order, Oct. 22, 2019, P.R. 14.

in its prior opinion "to address arguments that Commerce did not consider and that the parties

discussed in only cursory fashion" regarding the lawfulness of the irrevocable VAT adjustment.

Jiangsu Zhongji, 396 F. Supp. 3d at 1354, n.7.  In short, the court affirms the Remand Results

without reaching matters not properly preserved for consideration.

**CONCLUSION**

The court sustains Commerce's Remand Results.

   **SO ORDERED.**

                                                                          */s/  Gary S. Katzmann*
                                                                          Gary S. Katzmann, Judge


 Dated: March 9, 2020
               New York, New York